# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**EARNESTINE BLAIR**                                                                               **PLAINTIFF**

**V.**                                                                                    **CAUSE NO.: 3:09CV10-SA-SAA**

**GMAC MORTGAGE, LLC and**
**THE BANK OF NEW YORK TRUST CO. N.A.**                              **DEFENDANTS**

## AMENDED ORDER ON MOTION FOR INJUNCTION

Comes now before the Court Plaintiff's Motion for Injunction and Motion for Expedited Hearing on claim for Injunctive Relief [5]. From its review of all matters made a part of the record of this case, as well as applicable law, and being thus fully advised in the premises, the Court finds that the motions should be granted. The Court specifically finds as follows:

*Factual and Procedural Background*

Plaintiff filed this action on January 22, 2009, seeking actual, equitable, and punitive damages from the defendants under several theories of liability. Plaintiff alleges that in 2002, she commenced a Chapter 13 Bankruptcy proceeding in the Northern District of Mississippi. The Chapter 13 Plan included a debt to GMAC which was secured by deed of trust on the residential estate of the Plaintiff located at 523 Bicycle Road, Holly Springs, Mississippi. That Plan specified that Plaintiff was to cure her pre-arrearages to GMAC and pay her monthly mortgage payments through the plan.

On April 25, 2006, the Bankruptcy Court entered an Order Declaring the 1322(b)(5) claim of GMAC Financial Network Current and Defaults cured. Plaintiff was discharged from bankruptcy on June 7 of that year. However, on May 1, 2006, GMAC's records reflected that Plaintiff was six months behind in her payments. GMAC later foreclosed on Plaintiff's residence and the Bank of

New York Trust Co., N.A., bought Plaintiff's residence at foreclosure and filed a Complaint for Possession. A final hearing on said complaint has been continued until February 10, 2009, in the Justice Court of Marshall County.

Plaintiff contends that GMAC has been negligent in the service of Plaintiff's loan by demanding payment of monies not properly due, in its failure to correct bookkeeping errors causing it to believe Plaintiff was six months in arrears, and in its proceeding to foreclose on those bases. Plaintiff also alleges GMAC is grossly negligent in its failing to make any real effort to correct its mishandling of Plaintiff's account, failing to ensure that Plaintiff was not needlessly injured by its mistakes, and threatening Plaintiff with the loss of her most valuable asset. Moreover, Plaintiff argues that GMAC intentionally and negligently represented to the Plaintiff that she owed amounts on her mortgage loan which GMAC knew or should have known had been paid by the Chapter 13 Trustee. Plaintiff also made a claim that GMAC wrongfully foreclosed on her residence, acted in contempt of the Bankruptcy Court's April 25, 2006, Order, and violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

Pertinent here, Plaintiff requests that this Court enjoin further efforts by the Bank of New York Trust to take possession of Plaintiff's residence pending the resolution of this action. As Plaintiff's counsel has informed the Court that the Defendants have been served and are aware of the pending events, the Court reviews Plaintiff's request as a Motion for Preliminary Injunction under Rule 65.

*Preliminary Injunction Standard*

A preliminary injunction is considered extraordinary relief, and a determination as to whether a set of circumstances warrant such relief rests in the discretion of the district court subject only to

four preconditions enumerated by the Fifth Circuit. Canal Auth. of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974). To prevail on a motion for preliminary injunction, a plaintiff must show (1) a substantial likelihood of success on the merits, (2) a substantial threat that he will suffer irreparable injury if the preliminary injunction is denied, (3) his threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) granting the preliminary injunction will not disserve the public interest. Speaks v. Kruse, 445 F.3d 396, 399-400 (5th Cir. 2006).

*Substantial Likelihood of Success on the Merits*

The only cause of action which would entitle the Plaintiff to enjoin the eviction proceeding is her claim for wrongful foreclosure. Under Mississippi law, a wrongful foreclosure occurs when a foreclosure is attempted solely for a malicious desire to injure the mortgagor or the foreclosure is conducted negligently or in bad faith to the mortgagor's detriment. Curlee v. Wells Fargo Home Mortg., 2007 U.S. Dist. LEXIS 89376, *6-7 (N.D. Miss. Dec. 5, 2007) (citing Nat'l Mort. Co. v. Williams, 357 So. 2d 934, 935-36 (Miss. 1978)).

Plaintiff contends that her residence was wrongly foreclosed sometime after 2006. She further avers that Bank of New York Trust bought her residence at foreclosure and is attempting to evict her. If Plaintiff's mortgage was up-to-date as of the date GMAC initiated foreclosure proceedings, Plaintiff has a substantial likelihood of success on the merits of her wrongful foreclosure claim.

*Injury to the Plaintiff if the Injunction is Not Granted*

"The purpose of a preliminary injunction is to prevent irreparable injury so as to preserve the court's ability to render a meaningful decision on the merits"" Miss. Power & Light Co. v. United

3

Gas Pipe Line Co., 760 F.2d 618, 627 (5th Cir. 1985). Irreparable injury is harm that "cannot be undone through monetary damages," i.e., harm for which money damages are inadequate or for which it is virtually impossible to compute money damages. Deerfield Med. Ctr. v. City of Deerfield Beach, 661 F.2d 328, 338 (5th Cir. 1981); Taylor v. Cordis Corp., 634 F. Supp. 1242, 1250 (S.D. Miss. 1986). The "central inquiry in deciding whether there is a substantial threat of irreparable harm to the [claimant] is whether the [claimant's] injury could be compensated by money damages." City of Meridian v. Algernon Blair, Inc., 721 F.2d 525, 529 (5th Cir. 1983).

Under Mississippi law, the measure of damages allowable to a mortgagor for a wrongful foreclosure sale fully executed, is the difference between the amount of his debt and the value of the land on the day of sale. Fed. Land Bank v. Robinson, 134 So. 180 (Miss. 1931). However, courts have recognized a right to rescind foreclosure and restore the parties to the place where they stood prior to foreclosure. Cenac v. Murry, 609 So. 2d 1257, 1273 (Miss. 1992). The Mississippi Attorney General has further opined that a notice rescinding a foreclosure sale voids the foreclosure and restores the original deed of trust, which conveys the property back to the mortgagor. Curlee, 2007 U.S. Dist. LEXIS 89376, at *7 (citing Op. Att'y Gen. No. 2004-0239, 2004 Miss. AG LEXIS 181, 2004 WL 1833063 (July 16, 2004)).

Thus, Plaintiff has a right to repossession of her home; therefore, irreparable injury would be caused by failure to institute a preliminary injunction in her favor pending adjudication of her claim.

*Balance of Injury*

As noted above, Plaintiff may have a right of possession of her residence if the foreclosure

is rescinded. If the Court grants the injunction, but Plaintiff fails on her claims, then the Bank of New York is in the same position it was prior to the request for injunction. Therefore, the balance of injuries is heavier for the Plaintiff than the Bank of New York if the injunction does not issue.

*Public Interest*

The public interest will not be disserved by the grant of a preliminary injunction here.

*Conclusion*

Plaintiff has satisfied the Court that a preliminary injunction should issue in this case. In accordance with Federal Rule of Civil Procedure 65, Plaintiff shall post a security to the Clerk of the Court in the amount of $1,000 to cover any cost sustained by the Defendants should this injunction be deemed to be improperly granted.

Accordingly, the final hearing in Justice Court for Marshall County on the Complaint for Possession is hereby ENJOINED for ten days as provided by Federal Rule of Civil Procedure 65. The Court calculates the date and time of expiration, pursuant to Federal Rule of Civil Procedure 6, as February 24, 2009, at 11:42 a.m CST. A hearing on the preliminary injunction shall be held on February 18, 2009, at 3:00 p.m. and will be noticed separately.

SO ORDERED, this the 9th day of February, 2009, 11:42 a.m. CST.

**/s/ Sharion Aycock**
**U.S. DISTRICT COURT**